**WO**                                                                                                    KM

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carl Dwight Davis, | No. CV 11-2110-PHX-GMS (MHB) |
| Petitioner, | **ORDER** |
| vs. | |
| Charles L. Ryan, | |
| Respondent. | |

Petitioner Carl Dwight Davis, who is confined in the Arizona State Prison Complex-Eyman, has filed a "Notice of Intent to File Petition for Issuance of a Writ of Habeas Corpus and a Request for Assistance" (Doc. 1), an Application to Proceed *In Forma Pauperis* (Doc. 3), and a Motion for Clarification and Statutory Tolling (Doc. 5), and has requested the appointment of counsel. The Court will dismiss this action and deny the pending motions as moot.

Petitioner asks that the Court clarify when the statute of limitations for filing a petition for habeas corpus begins to run and requests that the Court toll the statute of limitations. Petitioner's Notice is not accompanied by a petition for writ of habeas corpus. The Court is not able to construe Petitioner's Motion as a petition for writ of habeas corpus because it is not filed on the court-approved form and does not set forth any facts supporting Petitioner's request for habeas relief. See Rule 2(c) of the Rules Governing Section 2254 Cases in the

1  United States District Courts.  Also, Petitioner's Notice does not provide any information
2  about Petitioner's conviction, such as the crime(s) for which he was convicted, the date of
3  his conviction, or when his judgment of conviction was final. Without a proper Petition
4  before it, the Court can take no action on Petitioner's requests and will therefore dismiss this
5  action without prejudice.

6  With respect to Petitioner's Motion for Clarification and Tolling, Petitioner is
7  essentially seeking an advisory opinion from this Court regarding the application of the time
8  limits imposed by 28 U.S.C. § 2244(d)(1), which provides in part that "[a] 1-year period of
9  limitation shall apply to an application for a writ of habeas corpus by a person in custody
10 pursuant to the judgment of a State court." However, a federal court may not issue advisory
11 opinions. See United States v. Cook, 795 F.2d 987, 994 (Fed. Cir. 1986) (district court erred
12 in tolling statute of limitations as to future claims by persons not party to the case before the
13 court).  The Court will therefore deny Petitioner's Motion.

14 With respect to Petitioner's request for appointment of counsel, "[i]ndigent state
15 prisoners applying for habeas corpus relief are not entitled to appointed counsel unless the
16 circumstances of a particular case indicate that appointed counsel is necessary to prevent due
17 process violations." Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986).  However, the
18 Court has discretion to appoint counsel when "the interests of justice so require." 18 U.S.C.
19 § 3006A(a)(2)(B).

20 There is presently no Petition pending before the Court and Petitioner has not made
21 the necessary showing for appointment of counsel at this time. The Court will therefore deny
22 without prejudice Petitioner's request for appointment of counsel.

23 Petitioner is not precluded from filing a § 2254 petition in a new case in the future.
24 Any future petition filed by Petitioner should: (1) name Petitioner's current custodian as a
25 respondent, (2) show how Petitioner is being held in custody in violation of the Constitution,
26 laws, or treaties of the United States, (3) specify all the exhausted grounds for relief available
27 to Petitioner, (4) set forth in summary form the facts supporting each of his grounds, and (5)
28 provide information as to how Petitioner has first exhausted his state court remedies as to

each ground on which he requests action by this Court. Petitioner must also use the court-approved form for each ground in the petition. See Local Rule of Civil Procedure 3.5(a) (habeas petitioners must use the court-approved form when filing a *pro se* petition pursuant to 28 U.S.C. § 2254).

In the event that the respondent in any future habeas action instituted by Petitioner raises the 1-year period of limitation in 28 U.S.C. § 2254(d) as an affirmative defense, Petitioner will be free to argue that his petition is subject to equitable tolling. See Corjasso v. Ayers, 278 F.3d 874, 877 (9th Cir. 2002) (Section 2244(d) is subject to equitable tolling based on a showing that "exceptional circumstances" beyond the prisoner's control).

**IT IS ORDERED:**

(1) The "Notice of Intent to File Petition" (Doc. 1) and this action are **dismissed without prejudice**; the Clerk of Court must enter judgment accordingly.

(2) Petitioner's request for appointment of counsel is **denied** without prejudice.

(3) Petitioner's Application to Proceed *In Forma Pauperis* (Doc. 3) is **denied** as moot.

(4) Petitioner's Motion for Clarification and Statutory Tolling (Doc. 5) is **denied**.

(5) The Clerk of Court must provide Petitioner with the current court-approved forms for filing a "Petition For Writ Of Habeas Corpus By A Person In State Custody Pursuant to 28 U.S.C. § 2254 (Non-Death Penalty)" and an "Application to Proceed *In Forma Pauperis* by a Prisoner (Habeas)."

DATED this 28th day of November, 2011.

G. Murray Snow
United States District Judge